DLD-087                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4048
_____

ROBERT MARQUIS RAMEY,

Appellant

v.

DONNA MELLOW, Asst. Superintendent;
DR. RONALD PHILLIPS, Medical Director;
N. SMITH, Health Service Administrator;
E. ASANTE, Grievance Coordinator;
J. DUFFY, Delaware County Sheriff;
J. MOODY; ISSAC OKAI, Correctional Officer

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-01431)
District Judge:  Honorable Edward G. Smith

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 28, 2016
Before: CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Robert Marquis Ramey appeals, pro se and in forma pauperis, the District Court's final order granting judgment to the Defendants. Because no substantial question is presented, we will summarily affirm the judgment.

Ramey is an inmate at SCI Benner. His present suit alleges that he sustained injuries when a garage gate dropped and landed on a sheriff's van in which he was a passenger while leaving the George W. Hill Correctional Facility (Hill Facility). Ramey and eleven other passengers were evacuated and evaluated at the Hill Facility medical center. He described no injury at the initial evaluation, but later submitted a sick call request alleging back and neck pain, for which he was prescribed ibuprofen and an analgesic balm. Over the next seven months, he submitted two more sick call requests complaining of back, neck, and ankle pain, for which he was prescribed additional medication and recommended an exercise regime.

Ramey then filed the present suit, which the District Court construed as alleging an Eighth Amendment deliberate indifference claim pursuant to 42 U.S.C. § 1983 against seven members of the prison staff, and a state law negligence claim against one staffer, based on the alleged injuries and deficient treatment he experienced. After filing his final amended complaint, the District Court ordered three named Defendants – a health service administrator, assistant superintendent, and grievance coordinator at the Hill Facility – dismissed because Ramey failed to state claims against them. Dist. Ct. Doc. 27. Two of the three remaining Defendants moved for summary judgment. The District Court

2

granted the motion as to the federal claims and dismissed without prejudice the state law negligence claim against the one remaining Defendant. Ramey timely appealed that order.

This Court has jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss for failure to state a claim and to grant summary judgment is plenary. Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 63-64 (3d Cir. 2008); Gallo v. City of Phila., 161 F.3d 217, 221 (3d Cir. 1998). Dismissal for failure to state a claim is proper if the pleader does not submit "a short and plain statement of the claim showing that [he is] entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, while viewing the facts in a light most favorable to the nonmoving party, Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993), we will affirm the summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The initial dismissal of three named Defendants for failure to state a claim was proper. First, Ramey did not allege that N. Smith, a "health service administrator," had any personal involvement with respect to his injury or medical treatment, instead basing the claim on Smith's failure to respond to his grievances. This is insufficient to state a claim and, as the record reveals no other claim Ramey could submit against Smith, denial of leave to amend was also proper. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (holding existence of a prison grievance procedure confers no liberty interest on a prisoner); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Second,

3

Ramey did not allege that Donna Mellon, assistant superintendent at the Hill Facility, had a personal role in any of the incidents that form the basis of his § 1983 action, and Ramey admitted during a conference that he could not assert a cognizable claim against Mellon. Dismissal without leave to amend was therefore proper. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Grayson, 293 F.3d at 108. Finally, Ramey's allegation that E. Asante, a grievance coordinator who is not a member of the medical staff, was deliberately indifferent for failure to respond to his grievances is not an actionable claim. See Parkell v. Danberg, 833 F.3d 313, 336-37 (3d Cir. 2016). In light of the foregoing, denial of leave to amend this claim was also within the District Court's discretion.

Summary judgment was also proper because Ramey has not demonstrated any constitutional violation. To succeed on an Eighth Amendment claim, a plaintiff must show "a serious medical need" and "acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference occurs when the defendant has knowledge of the need for medical care and intentionally refuses to provide it, exposing the inmate to "undue suffering or the threat of tangible residual injury." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotations omitted). Mere disagreement with a prescribed treatment is not an actionable constitutional violation. Id.

The record's description of Ramey's treatment by prison staff forecloses his claim of deliberate indifference, so summary judgment was appropriate. See Fed. R. Civ. P.

4

56(a).  At his initial evaluation soon after the accident, Ramey listed no complaints; however, when he subsequently complained of back and neck pain, he was prescribed ibuprofen and analgesic balm.  Ramey made at least two more sick calls in the next seven months, which revealed no bruising or swelling and an ability to move and bend without much trouble.  Nonetheless, Ramey received additional medication and was advised to follow an exercise regime.  Indeed, Ramey received medical treatment each time he requested it, either in connection with the injuries he alleges he suffered as a result of the accident or otherwise.  Ramey presents no facts showing that prison staff ever denied him medical treatment when he requested it.  See Lanzaro, 834 F.2d at 346.  To the extent he disagrees with the prescribed treatment, such disagreement is insufficient to state an actionable constitutional claim.  See id.  Therefore, Ramey has failed to state a claim for violation of his Eighth Amendment rights, and summary judgment was appropriate.  Cf. Natale, 318 F.3d at 582-83.

To the extent Ramey alleges his Eighth Amendment rights were violated by a corrections officer negligently closing the garage gate on a van he was a passenger in, such a claim fails as a matter of law.  See Farmer v. Brennan, 511 U.S. 825, 835-39 (1994); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (holding mere negligence by prison staff is insufficient to state an Eighth Amendment violation).  Having properly disposed of the federal claims, the District Court was well within its discretion to dismiss without prejudice the remaining state law negligence claim.  See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

5

For the foregoing reasons, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6